■ CAMP COLANG, INC., Appellant, v. HOME TITLE GUARANTY COMPANY, Respondent-Appellant, and COLANGLIQ CORP., Respondent.— Judgment and order sustaining the first cause of action of the amended complaint against defendant Home Title Guaranty Co., dismissing the second, third and fourth causes of action against defendant Colangliq Corp., and increasing the *ad damnum* provision under the first cause of action, on plaintiff's motion for summary judgment under CPLR 3212 and for an increase in the *ad damnum* provision under the first cause of action and on defendants' respective requests to dismiss the several causes of action, unanimously affirmed, with $50 costs and disbursements to plaintiff-appellant against defendant-respondent-appellant Home Title Guaranty Co., and without costs or disbursements between plaintiff-appellant and defendant-respondent Colangliq Corp. There is an issue of fact whether the title company was engaged to make a departmental search and to report thereon. The receipt is not conclusive, because, arguably, it shows only that no

charge was allocated to a departmental search. Nor is it determinative whether the lack of proper permits for the two pools constituted an objection to title, if indeed a search and report for such violations was ordered by the purchaser. With reference to the second cause of action for breach by the vendor of the contract of sale, the printed and typewritten survival clauses are not inconsistent. The printed clause provided for survival of violations, it is true, but the typewritten clause was nevertheless effective to condition the right to raise objections to title (and plaintiff argues that the violations were title defects) on prior notice after receipt of a title report. Plaintiff never gave such notice, and its obligation to give notice to the vendor was not avoided by the failure of the title company to report to the purchaser the departmental violations. The purpose of the typewritten clause was to close out title objections either by cure or rescission at vendor's option. If, after prior notice (and delivery of the deed) the vendor failed to cure or rescind, then the printed survival clause would have served its function, but only if there had been such prior notice. With respect to the third cause of action for fraud and the dependent fourth cause of action, the pleading is deficient and the affidavits supplied fail to make out the several elements to ground the claim, particularly *scienter*. Under the circumstances it is not necessary to reach the question of the effect of the merger clause barring parol representations. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.